# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| ATLANTA SOD & TURF, INC., ) | |
| ) | CASE NO 20-69966-WLH |
| Debtor. ) | |
| ) | |
| ) | |
| TAMARA MILES OGIER, Trustee for ) | |
| ATLANTA SOD & TURF, INC., ) | Adversary Proceeding |
| ) | No.___ |
| Plaintiff. ) | |
| ) | |
| vs. ) | |
| ) | |
| JAVIER ARENAS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS

Plaintiff, Tamara Miles Ogier, solely in her capacity as the Trustee (the "Trustee"), on behalf of Atlanta Sod & Turf, Inc. (the "Debtor") in the above-captioned case, brings this Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers (the "Complaint") against Javier Arenas (the "Defendant") and alleges as follows:

### Jurisdiction and Venue

1. Tamara Miles Ogier is the duly appointed and qualified Trustee of the above styled bankruptcy case.

2. This adversary proceeding arises out of and is related to the above-styled case pending before the United States Bankruptcy Court for the Northern District of Georgia (the "Court"); therefore, the Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 544, 547, 548,

1

550 and 551 of the United States Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure and other applicable statutes and laws.

4. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409.

## Procedural Background

6. On September 18, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), thereby commencing this bankruptcy case (the "Bankruptcy Case").

7. Upon the filing of the Bankruptcy Case, the Trustee was appointed as chapter 7 trustee and is duly authorized to bring this action on behalf of the Debtor's bankruptcy estate (the "Estate").

## The Parties

8. The Debtor is a corporation organized under the laws of the State of Georgia.

9. Prior to the Petition Date, the Debtor operated as a sod installation company.

10. The Defendant was, at all relevant times, either (i) a creditor of the Debtor based upon an arrangement thorough which the Defendant purchased items for the Debtor which the Debtor needed to conduct its business operations, thereby creating an obligation for the Debtor to reimburse the Defendant for the items so purchased (a "Reimbursement Obligation") or (ii) not a creditor of the Debtor and a person who received payments from the Debtor for little or no value given to the Debtor in exchange for such payments.

11. Upon information and belief, the Defendant is an individual who is domiciled in the State of Georgia. Specifically, upon information and belief, the Defendant's domicile is

located at 27 Skyline Dr., Conyers, GA 30012 ("Defendant's Address").

12. The Defendant is subject to the jurisdiction and venue of the Court and may be served pursuant to the applicable rules of procedure.

13. Upon information and belief, the Defendant is an "insider" of the Debtor as such term is defined in Bankruptcy Code section 101(31).

## Factual Background

14. During the ninety (90) days prior to the Petition Date (the "Primary Preference Period"), the Debtor was insolvent given that its liabilities exceeded its assets, and it was not paying its debts as they came due in the ordinary course of business.

15. During the time from a year prior to the Petition Date to 91 days prior to the Petition Date (the "Extended Preference Period"), the Debtor was insolvent given that its liabilities exceeded its assets, and it was not paying its debts as they came due in the ordinary course of business.

16. The Debtor did not pay its debts, if any, owed to the Defendant on a timely basis during the Primary Preference Period.

17. The Debtor did not pay its debts, if any, owed to the Defendant on a timely basis during the Extended Preference Period.

18. During the Primary Preference Period, the Debtor made a total of $18,675.00 in payments to the Defendant; such payments are comprised of the following (collectively, the "Primary Preference Period Transfers"):

**Transfers made in the 90 days prior to the Petition Date ($18,675.00 total):**

| Date of Transfer | Amount of Transfer |
|---|---|
| 6/22/2020 | $800.00 |
| 6/23/2020 | $650.00 |
| 6/29/2020 | $200.00 |

| Date | Amount |
|---|---|
| 7/2/2020 | $500.00 |
| 7/2/2020 | $150.00 |
| 7/3/2020 | $350.00 |
| 7/3/2020 | $350.00 |
| 7/6/2020 | $50.00 |
| 7/10/2020 | $360.00 |
| 7/10/2020 | $450.00 |
| 7/13/2020 | $800.00 |
| 7/13/2020 | $125.00 |
| 7/13/2020 | $550.00 |
| 7/15/2020 | $450.00 |
| 7/20/2020 | $650.00 |
| 7/20/2020 | $250.00 |
| 7/20/2020 | $115.00 |
| 7/21/2020 | $125.00 |
| 7/23/2020 | $40.00 |
| 7/23/2020 | $550.00 |
| 7/24/2020 | $350.00 |
| 7/27/2020 | $350.00 |
| 7/27/2020 | $450.00 |
| 7/28/2020 | $400.00 |
| 8/3/2020 | $450.00 |
| 8/5/2020 | $1,490.00 |
| 8/10/2020 | $500.00 |
| 8/10/2020 | $100.00 |
| 8/11/2020 | $110.00 |
| 8/11/2020 | $150.00 |
| 8/12/2020 | $350.00 |
| 8/13/2020 | $450.00 |
| 8/17/2020 | $250.00 |
| 8/17/2020 | $590.00 |
| 8/17/2020 | $450.00 |
| 8/21/2020 | $600.00 |
| 8/24/2020 | $470.00 |
| 8/26/2020 | $350.00 |
| 8/26/2020 | $215.00 |
| 8/26/2020 | $450.00 |
| 8/27/2020 | $80.00 |
| 8/27/2020 | $300.00 |
| 8/28/2020 | $350.00 |
| 8/31/2020 | $1,010.00 |
| 9/1/2020 | $55.00 |
| 9/3/2020 | $40.00 |
| 9/3/2020 | $100.00 |

| | |
|---|---|
| 9/8/2020 | $700.00 |

19. During the Extended Preference Period, the Debtor made a total of $17,685.00 in payments to the Defendant; such payments are comprised of the following (collectively, the "Extended Preference Period Transfers; collectively, with the Primary Preference Period Transfers, the "Avoidable Transfers"):

**Transfers made from 91 days to one year prior to the Petition Date ($17,685.00 total):**

| Date of Transfer | Amount of Transfer |
|---|---|
| 8/2/2019 | $10.00 |
| 8/2/2019 | $490.00 |
| 8/8/2019 | $160.00 |
| 10/22/2019 | $50.00 |
| 11/25/2019 | $100.00 |
| 12/9/2019 | $300.00 |
| 12/16/2019 | $200.00 |
| 2/7/2020 | $400.00 |
| 2/24/2020 | $480.00 |
| 3/2/2020 | $180.00 |
| 3/9/2020 | $200.00 |
| 3/13/2020 | $420.00 |
| 3/19/2020 | $200.00 |
| 3/23/2020 | $400.00 |
| 3/26/2020 | $250.00 |
| 3/30/2020 | $500.00 |
| 4/1/2020 | $250.00 |
| 4/3/2020 | $250.00 |
| 4/6/2020 | $250.00 |
| 4/8/2020 | $250.00 |
| 4/9/2020 | $250.00 |
| 4/13/2020 | $250.00 |
| 4/13/2020 | $355.00 |
| 4/14/2020 | $800.00 |
| 4/20/2020 | $800.00 |
| 4/24/2020 | $250.00 |
| 4/28/2020 | $800.00 |
| 5/4/2020 | $850.00 |
| 5/6/2020 | $850.00 |

| Date | Amount |
|---|---|
| 5/11/2020 | $800.00 |
| 5/15/2020 | $980.00 |
| 5/20/2020 | $850.00 |
| 5/26/2020 | $850.00 |
| 5/29/2020 | $1,150.00 |
| 6/1/2020 | $900.00 |
| 6/8/2020 | $400.00 |
| 6/9/2020 | $900.00 |
| 6/15/2020 | $60.00 |
| 6/15/2020 | $125.00 |
| 6/16/2020 | $125.00 |

20. To the extent the Trustee discovers the existence of additional transfers to the Defendant within the Primary Preference Period or the Extended Preference Period, the Trustee intends to recover all such transfers for which there exists no applicable defense to their avoidance and recovery. Accordingly, this Complaint is not limited to those transfers disclosed as part of the defined term the "Avoidable Transfers," and the Trustee reserves the right to amend this Complaint as necessary to incorporate any additional transfers discovered.

21. Each of the Avoidable Transfers that was not paid to satisfy a Reimbursement Obligation owed by the Debtor to the Defendant was a transfer of property of the Debtor to the Defendant without any value being given back to the Debtor in exchange for such transfer of property.

22. On August 25, 2022, the Trustee, through counsel, sent a demand letter (the "Demand Letter") to the Defendant to Defendant's Address, seeking a return of the Avoidable Transfers. The Demand Letter included a settlement offer intended to account for any defenses that the Defendant may have pursuant to section 547(c) of the Bankruptcy Code. The Defendant has not responded, in any manner, to the Demand Letter.

## COUNT I
## Avoidance and Recovery of Preferential Transfers
### (11 U.S.C. §§ 547, 550 and 551)

23. The Trustee incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. Sections 547(b) and 550(a) of the Bankruptcy Code empower a trustee, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

25. Pursuant to section 547(b) of the Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property:

    a. To or for the benefit of a creditor;

    b. For or on account of an antecedent debt owed by the debtor before such transfer was made;

    c. Made while the debtor was insolvent;

    d. Made: (A) one or within 90 days before the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    e. That enables such creditor to receive more than such creditor would receive if:

        (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

26. Each of the Avoidable Transfers was a transfer of an interest of the Debtor in property.

7

27. The Defendant was a creditor of the Debtor at the time of the Avoidable Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Avoidable Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

28. The Avoidable Transfers were made to or for the benefit of the Defendant within the meaning of 11 U.S.C. § 547(b)(1) as the Avoidable Transfers either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

29. The Avoidable Transfers were made on account of an antecedent debt as the Avoidable Transfers were on account of a debt obligation (a Reimbursement Obligation) for which the Debtor was bound to pay the Defendant before the Avoidable Transfers were made.

30. Pursuant to section 547(f) of the Bankruptcy Code, the Debtor is presumed insolvent during the 90-day Preference Period.

31. The Debtor was insolvent throughout the Preference Period within the meaning of sections 101(32)(A) and 547(b)(3) of the Bankruptcy Code, in that the sum of its debts was greater than the fair value of its assets.

32. Each of the Primary Preference Period Transfers was made to the Defendant within 90 days of the Petition Date.

33. In relevant part, Section 101(31) of the Bankruptcy Code defines an "insider" for a debtor corporation as being a "(i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor … or (vi) relative of a general partner, director, officer, or person in control of the debtor" (any such qualifying person, an "<u>Insider</u>").

34. Upon information and belief, the Defendant is an Insider of the Debtor.

35. Each of the Extended Preference Period Transfers was made to the Defendant, an

Insider, between ninety days and one year before the Petition Date.

36. As a result of the Avoidable Transfers, the Defendant received a greater percentage of its claim from the Debtor than it would have if the Avoidable Transfers had not been made and if the Defendant had participated in the distribution of the assets of the Estate with all the other creditors as provided by the provisions of the Bankruptcy Code.

37. The Defendant is the initial transferee of the Avoidable Transfers or the entity for whose benefit the Avoidable Transfers were made.

38. Accordingly, the Trustee is entitled to avoid and recover the full amount of the Avoidable Transfers made to the Defendant ($36,360.00 (the "Avoidable Transfers Amount")), which is comprised of the Primary Preference Period Transfers ($17,685.00) and the Extended Preference Period Transfers ($18,675.00)), together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid. 11 U.S.C. §§ 547, 550 and 551.

## COUNT II
## Avoidance and Recovery of Fraudulent Transfer
**(11 U.S.C. §§ 548(a)(1)(A), 550 and 551)**

39. The Trustee incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 38 of this Complaint.

40. Pursuant to section 548(a)(1)(A) of the Bankruptcy Code, a trustee may avoid a transfer to a creditor of an interest of the debtor in property if such transfer is made on or within two years of the filing of the bankruptcy petition with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

41. On or within two years of the Petition Date, the Debtor made transfers of money

or property of the Debtor to or for the benefit of the Defendant, in an amount of not less than $36,360.00 (the Avoidable Transfers Amount). To the extent that the Trustee discovers the existence of additional transfers to the Defendant on or within the two years prior to the Petition Date, the Trustee intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term "Avoidable Transfers."

42. Each of the Avoidable Transfers was made with actual intent to hinder, delay, or defraud an entity or entities to which the Debtor was or became indebted on or after the date of the Avoidable Transfers.

43. The Defendant did not act in good faith.

44. The Defendant knew or should have known that the Avoidable Transfers were fraudulent.

45. The Defendant was the initial transferee with respect to the Avoidable Transfers.

46. At all times relevant hereto, the Debtor was insolvent in that the sum of its debts was greater than the fair value of its assets, or the Debtor became insolvent as a result of each of the Avoidable Transfers.

47. At all times relevant hereto, the Debtor intended to incur, or reasonably should have believed that the Debtor would incur debts that would beyond the Debtor's ability to pay as such debts matured.

48. Accordingly, pursuant to sections 548(a)(1)(A), 550 and 551 of the Bankruptcy Code, the Trustee is entitled to avoid and recover the Avoidable Transfers from the Defendant together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid.

## COUNT III
## Avoidance and Recovery of Fraudulent Transfer
### (11 U.S.C. §§ 548(a)(1)(B), 550 and 551)

49. The Trustee incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 48 of this Complaint.

50. Section 548(a)(1)(B) of the Bankruptcy Code empowers a trustee, for the benefit of the estate, to avoid a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

51. Pursuant to section 548(a)(1)(B) of the Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property if the transfer is involuntarily or voluntarily made within two years of the date of the filing of the petition, the debtor received less than reasonably equivalent value in exchange for such transfer and the debtor was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.

52. Each of the Avoidable Transfers was transferred to the Defendant within two years before the Petition Date.

53. The Defendant was the initial transferee of the Avoidable Transfers.

54. Each of the Avoidable Transfers that was not made in exchange for a Reimbursement Obligation owed by the Debtor to the Defendant was made for no value in exchange to the Debtor.

55. Each of the Avoidable Transfers that was not made in exchange for a Reimbursement Obligation owed by the Debtor to the Defendant resulted in the Debtor receiving less than reasonably equivalent value in exchange for each such transfer.

56. At all times relevant hereto, the Debtor was insolvent in that the sum of its debts

11

was greater than the fair value of its assets, or the Debtor became insolvent as a result of each of the Avoidable Transfers.

57. At all times relevant hereto, the Debtor intended to incur, or reasonably should have believed that the Debtor would incur debts that would beyond the Debtor's ability to pay as such debts matured.

58. Accordingly, pursuant to sections 548(a)(1)(B), 550 and 551 of the Bankruptcy Code, the Trustee is entitled to avoid and recover the Avoidable Transfers from the Defendant together with pre-judgment interest, as well as post-judgment interest as allowed by law from the date of the entry of the judgment until paid.

## **RESERVATION OF RIGHT TO AMEND**

59. The Trustee reserves the right to amend this Complaint should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

WHEREFORE, the Trustee requests that the Court enter judgment:

(a) declaring that each of the Avoidable Transfers is avoidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code, and that the Trustee is entitled to recover each of the Preferential Transfers or the value thereof under section 550 of the Bankruptcy Code and that such transfers are preserved for the benefit of the Estate pursuant to section 551 of the Bankruptcy Code;

(b) declaring that each of the Avoidable Transfers is avoidable as a fraudulent transfer pursuant to section 548(a)(1)(A) of the Bankruptcy Code, and that the Trustee is entitled to recover each of the Avoidable Transfers or the value thereof under section 550 of the Bankruptcy Code and that such transfers are preserved

12

for the benefit of the Estate pursuant to section 551 of the Bankruptcy Code;

(c) declaring that each of the Avoidable Transfers is avoidable as a fraudulent transfer pursuant to section 548(a)(1)(B) of the Bankruptcy Code, and that the Trustee is entitled to recover each of the Avoidable Transfers or the value thereof under section 550 of the Bankruptcy Code and that such transfers are preserved for the benefit of the Estate pursuant to section 551 of the Bankruptcy Code;

(d) awarding the Trustee prejudgment interest and post-judgment interest as appropriate; and

(e) granting Trustee such other and further relief as may be just and proper.

Respectfully submitted, this 17th day of September, 2022.

/s/ Thomas R. Walker
Thomas R. Walker
Georgia Bar No. 732755
FisherBroyles, LLP
945 East Paces Ferry Rd., NE, Suite 2000
Atlanta, GA 30326
(404) 728-1970
thomas.walker@fisherbroyles.com

*Special Counsel for Chapter 7 Trustee*

13